**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. CCB-15-0557 |
| DONTA BETTS, | * | CIVIL ACTION NO. CCB-19-2515 |
| Petitioner. | * | |

* * * * * * *

**GOVERNMENT'S MOTION TO DISMISS AND, IN THE ALTERNATIVE,**
**RESPONSE IN OPPOSITION TO MOTION UNDER**
**28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by and through its undersigned attorneys, respectfully moves this Honorable Court to dismiss the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence for lack of jurisdiction and, in the alternative, responds in opposition to the motion.

## I.       PROCEDURAL BACKGROUND

On October 22, 2015, a grand jury in the District of Maryland returned a three-count Indictment against Donta Betts (hereinafter "Petitioner"), charging him with obstruction of law enforcement officers during a civil disorder, in violation of 18 U.S.C. § 231(a)(2); making a destructive device, in violation of 26 U.S.C. § 5861(f); and attempted arson, in violation of 18 U.S.C. § 844(i).  ECF 8.

The parties subsequently entered into a plea agreement in which Petitioner agreed to plead guilty to a two-count Superseding Information charging him with making a destructive device, in violation of 26 U.S.C. § 5861(f) (Count One); and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two).  ECF 34-1 at 1.  The

1

parties also agreed that a total sentence of imprisonment within the range of 14 years to 16 years was the appropriate disposition of the case pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *Id.* at 6. The Superseding Information was filed on March 16, 2016. ECF 28. The Petitioner entered guilty pleas to both counts on March 18, 2016. ECF 54 (transcript). At the plea hearing, before accepting Petitioner's guilty pleas, U.S. District Judge J. Frederick Motz discussed with Petitioner all salient terms of the plea agreement, confirmed Petitioner's understanding of the terms and that he entered the agreement voluntarily, confirmed Petitioner's understanding of his trial rights as outlined in Rule 11 and waiver of these rights, and found that Petitioner was competent to enter the plea. *Id.*

The sentencing hearing was held on June 24, 2016. ECF 53 (transcript). In a Presentence Investigation Report ("PSR"), the U.S. Probation Office determined an advisory guidelines sentence of 10 years on Count One and 10 years on Count Two, resulting in a total guidelines sentence of 20 years. ECF 37 at 18. Judge Motz agreed with the parties to vary from the sentencing guidelines and impose a lower sentence within the range of 14 to 16 years. *Id.* at 46. Judge Motz sentenced Petitioner to 60 months on Count One and 120 months on Count Two, to run consecutively for a total sentence of 180 months, or 15 years. *Id.*; ECF 48 (judgment). Finally, Judge Motz imposed a three-year term of supervised release on Count One and a five-year term of supervised release on Count Two, to run concurrently. *Id.* Petitioner did not timely file an appeal following the issuance of the criminal judgment on June 30, 2016.

On June 26, 2017, the Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "First Motion") asserting four grounds for relief, including three claims of ineffective assistance of counsel and one claim for relief citing *Dean v. United States*, 137 S. Ct. 1170 (2017). ECF 51. In Ground One, Petitioner alleged that his counsel was

ineffective for not pursuing a direct appeal.  *Id.* at 4.  In Ground Two, the Petitioner requested a reduction of his sentence citing *Dean v. United States*, 137 S.Ct. 1170 (2017).  *Id.* at 5.  In Ground Three, Petitioner alleged that he "requested to counsel that he appeal his juvenile enhancements," that "counsel simply refused to do so[,]" and that counsel was therefore ineffective.  *Id.* at 7.  In Ground Four, Petitioner alleged that "[c]ounsel was ineffective for not challenging the 180 month sentence for 3 pills of Heroin, nor possession of a weapon at all."  *Id.* at 8.  The Government filed a response on September 15, 2017, arguing that Ground Two should be denied but that factual disputes bearing on Grounds One, Three, and Four warranted an evidentiary hearing.  ECF 57. The Petitioner filed a reply on October 13, 2017.  ECF 61.  On November 2, 2017, the Court entered a Memorandum and Orders denying Ground Two and appointing counsel for Petitioner. ECF 62 & 63.

The Government subsequently consented to the relief requested in Grounds One, Three, and Four, permitting Petitioner to file an untimely direct appeal and obviating any need for an evidentiary hearing.  ECF 68.  Petitioner, through appointed counsel, agreed to this relief but requested an evidentiary hearing challenging his competency to enter his guilty plea, an issue that was not raised in the First Motion.  ECF 67 & 69.  On January 12, 2018, the Court entered a Memorandum and Order granting the First Motion as to Petitioner's right to file a direct appeal, otherwise denying the First Motion without prejudice, and cancelling the evidentiary hearing.  ECF 70 & 71.  In doing so, the Court acknowledged that Petitioner did not raise any issue of competency in connection with the claims of ineffective assistance of counsel made in the First Motion.  ECF 70 at 1.

Through counsel, Petitioner filed a Notice of Appeal on January 15, 2018, and filed an opening brief in the U.S. Court of Appeals for the Fourth Circuit on May 1, 2018.  Case No. 18-

6060.  The Government filed a response brief on June 18, 2018, and Petitioner filed a reply brief on July 23, 2018.  On August 31, 2018, the Fourth Circuit entered an Opinion and Order in part dismissing the appeal and in part affirming the criminal judgment.  The Fourth Circuit addressed and found no error in Judge Motz's determination that Petitioner was competent to enter his guilty plea, and concluded that Petitioner entered his guilty plea knowingly and voluntarily.  *United States v. Betts*, 747 F. App'x 154, 157 (4th Cir. 2018).

On August 30, 2019, Petitioner filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Second Motion") asserting seven grounds for relief.  ECF 85. The Government respectfully requests that the Court dismiss for lack of jurisdiction the Second Motion as a successive petition under 28 U.S.C. § 2255(h) or, in the alternative, deny the Second Motion on the merits without need for a hearing.

## II.     FACTUAL BACKGROUND

The facts regarding the offenses of conviction and relevant conduct are detailed in the Government's response to the First Motion.  *See* ECF 57 at 3-5.  That factual background is incorporated herein by reference.

## III.    PETITIONER'S CLAIMS

In the Second Motion, Petitioner claims that his convictions and sentence should be set aside, vacated, or reduced on the following grounds: (1) actual innocence and the lack of a factual basis for Count Two; (2) invalid waiver of indictment; (3) involuntary and "not knowing" guilty plea; (4) ineffective assistance of counsel based on various alleged actions and performance failures by Petitioner's trial counsel; (5) improper enhancement of "guidelines and sentence"; (6) "guilty plea entered in violation of Fed. R. Crim. P. 11 colloquy" based on various alleged errors

by the district judge; (7) ineffective assistance of counsel based on trial counsel's and appellate counsel's failure to raise Grounds One through Six before the district court and on direct appeal.

### IV.   <u>ANALYSIS</u>

#### A.  The Second Motion Should Be Dismissed For Lack of Jurisdiction.

Congress placed "significant restrictions on prisoner litigation" through the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA).  *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003).  One of AEDPA's key provisions requires that the filing of a "second or successive motion" brought under § 2255 must be authorized in advance by "a panel of the appropriate [circuit] court of appeals[…]" 28 U.S.C. § 2255(h); *United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008).  Absent such authorization, a district court must dismiss a second or successive § 2255 motion for lack of jurisdiction.  *See Winestock*, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a [second or successive] application . . . ."); *Holloway v. United States*, Crim. No. ELH-09-0363, 2019 WL 6341342, at *1 (D. Md. Nov. 27, 2019) ("Congress has expressly stated that a successive § 2255 petition cannot be heard without certification from the appropriate appellate court.").  The court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002); *see also* 28 U.S.C. § 2255(h).

Here, Petitioner has filed a "second or successive motion" under § 2255 without authorization from the appropriate court of appeals.  This Court must therefore dismiss the Second Motion for lack of jurisdiction.  Moreover, Petitioner cites no newly discovered evidence or new rule of constitutional law to justify his failure to present in the First Motion the several claims he

asserts in the Second Motion.[1]  For this reason, any request from Petitioner to the court of appeals

for certification of a successive § 2255 should be denied.

### B.  In the Alternative, the Second Motion Should Be Denied On the Merits.

If the Court reaches the merits of the Second Motion, the Government submits that all

grounds for relief asserted should be denied.

### 1.  Ground One

In Ground One of the Second Motion, Petitioner asserts that he is actually innocent of

discharging of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §

924(c)(1)(A)(iii), as charged in Count Two of the Superseding Information.   ECF 85 at 4.

Petitioner asserts further that his plea of guilty to Count Two lacks a factual basis.  *Id.*  However,

both in his plea agreement and at his plea hearing, Petitioner admitted facts that clearly establish

his commission of each element of the § 924(c) offense and his guilt of this crime.

The elements of crime charged in Count Two are as follows:

   a.  The defendant committed a drug trafficking crime prosecutable in federal court.

   b.  The defendant knowingly used, carried, or possessed a firearm.

   c.  The use or carrying of the firearm was during and in relation to, or the possession

       of the firearm was in furtherance of, the drug trafficking crime.

   d.  The firearm was discharged.

In his plea agreement and at his plea hearing, Petitioner admitted that he sold four pills or

capsules of heroin to the victim, a felony that may be prosecuted in federal court pursuant to 21

---

[1] The only "fact" presented in the Second Motion that did not exist at the time Petitioner filed the First Motion is his claim in Ground Seven that his appellate counsel was ineffective for failing to assert Grounds One through Six on direct appeal.  Even if this claim were true (and it is not), Petitioner is required to seek authorization from the court of appeals before pressing this claim in a successive § 2255 motion before this Court.

U.S.C. §841, which satisfies the first element of the offense.  ECF 34-1 at 12; ECF 54 at 22.  The victim cheated Petitioner in this illicit transaction.  *Id.*  Second, Petitioner admitted further that he later approached a vehicle in which the victim was seated with a firearm in his hand, which satisfies the second element of the offense.  *Id.*  Next, Petitioner admitted that he discharged the firearm in the victim's direction, which satisfies the fourth element of the offense.  *Id.*  Finally, Petitioner admitted that, in discharging the firearm in the victim's direction, he intended to kill the victim in retaliation for having been cheated in the prior drug transaction, which satisfies the third element of the offense.  *Id.*

In the Second Motion, Petitioner reaffirms his admission that he sold drugs to the victim and "on a different day . . . discharged the firearm on her in retaliation for [her] failing to pay him, completely, [for] the drugs he sold her days before."  ECF 85 at 4.  He argues, however, that "there was no nexus between the drug trafficking crime and the firearm as required by law."  *Id.*  There is no merit to this argument.  Petitioner's effort to avenge his interest in the prior illicit drug transaction by shooting the victim serves as a more-than-sufficient nexus between the shooting and Petitioner's federal drug trafficking crime.  *See, e.g.*, *United States v. Gipp*, 147 F.3d 680, 690 (8th Cir. 1998) (appellant's display of firearm while threatening retaliation against drug customers to intimidate them regarding a prior drug transaction was done "during and in relation to" a drug trafficking crime because "appellant displayed the handgun in order to protect his drug trafficking activity").

Thus, Petitioner's guilty plea to Count Two rests upon a secure and complete factual basis, and his request to vacate his conviction for this offense should be denied.

2. <u>Ground Two</u>

In Ground Two of the Second Motion, Petitioner asserts that his waiver of indictment was invalid because he "did not sign the waiver of indictment form in open court and prior to pleading guilty" and he "was misled as to the nature of the [§ 924(c)] charge . . . ." ECF 85 at 5. This ground should be denied because Petitioner's waiver of indictment was valid under Fed. R. Crim. P. 7(b).

Rule 7(b) provides that "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment."

At the plea hearing in this case, Judge Motz specifically advised Petitioner of his right to be charged by grand jury indictment and the difference between an indictment and a criminal information. ECF 54 at 5. Judge Motz then asked Petitioner, "And do you want to waive your right to be charged by an indictment and be charged by an information instead?" *Id.* Petitioner answered, "Yes." *Id.* Judge Motz later confirmed with Petitioner that he previously signed the plea agreement and did so having carefully reviewed every part of the plea agreement with his attorney. *Id.* at 8-9. The plea agreement included a listing of the elements of the § 924(c) offense charged in Count Two. ECF 34-1 at 2. It is clear, therefore, that Petitioner was advised of the nature of the § 924(c) offense charged in Count Two prior to waiving indictment. The elements of the § 924(c) offense were also reviewed during the plea hearing. ECF 54 at 6-7. After Petitioner affirmed his agreement to the statement of facts, Judge Motz accepted Petitioner's guilty pleas. *Id.* at 26.

Petitioner signed a written waiver of indictment affirming that he was advised of the nature of crimes charged in both counts of the Superseding Information, and that he waived in open court

on March 18, 2016, his rights to prosecution by grand jury indictment and consented to being charged by criminal information. ECF 33.

Thus, Petitioner's waiver of indictment satisfied the requirements of Rule 7(b). It was made "in open court and after being advised of the nature of the charge and of the defendant's rights[,]" and it was made prior to Judge Motz accepting Petitioner's guilty plea. There is no requirement that the defendant *sign* the waiver-of-indictment form in open court, and he was not "misled" as to the nature of the § 924(c) offense. Ground Two of the Second Motion should be denied.

### 3. Ground Three

In Ground Three of the Second Motion, Petitioner asserts that he entered his guilty pleas involuntarily and unknowingly. ECF 85 at 7. Specifically, Petitioner alleges again that he was "misled" as to the nature of the § 924(c) offense charged in Count Two and that he would not have pleaded guilty if he had been "aware of the true nature" of the offense. *Id.* Petitioner again fails to identify how he was misled or misinformed about § 924(c). As discussed above, every element of the offense was satisfied by the stipulated facts, including the nexus between Petitioner's possession and use of a firearm and his drug trafficking crime. The Fourth Circuit squarely addressed the question of whether Petitioner entered his guilty pleas knowingly and voluntarily, and concluded that he did based on its review of the record. Ground Three should be denied.

### 4. Ground Four

In Ground Four of the Second Motion, Petitioner asserts that his trial counsel was ineffective for several reasons. ECF 85 at 8.

First and second, he accuses his former counsel of having coerced him to plead guilty to the § 924(c) offense charged in Count Two and to waive his right to a grand jury indictment. *Id.*

These allegations belie the record.  As described above, at the plea hearing, Judge Motz advised Petitioner of his right to a grand jury indictment and asked Petitioner whether he wanted to waive that right and be charged by information, and Petitioner answered, "Yes."  ECF 54 at 5.  Judge Motz asked Petitioner whether "anybody used any force or made any threats against [him] to get [him] to enter the plea[,]" and Petitioner answered, "No, sir."  *Id.* at 11.  Judge Motz also asked Petitioner whether anyone made any promises apart from those in the plea agreement in order to get him to plead guilty, and Petitioner again answered, "No, sir."  *Id.* at 18.  Petitioner gave these answers under oath.  *See id.* at 2.  It is clear, therefore, that no one coerced him to waive indictment or to plead guilty.

Third, Petitioner accuses his former counsel of misleading him as to the nature of the § 924(c) offense.  ECF 85 at 8.  Petitioner fails to explain how he was misled about § 924(c).  As discussed above, there is no merit to his argument that there was no nexus between his possession and use of a firearm and his drug trafficking crime.

Fourth, Petitioner asserts that his former counsel "failed to challenge his juvenile enhancements and others [*sic*] enhancements the Court used."  *Id.*  There were no "juvenile enhancements" or any other enhancements applied to the sentence imposed in this case.  Prior to his commission of the instant offenses, Petitioner sustained several adjudications of delinquency as a juvenile, as detailed in Paragraphs 61 through 66 of the PSR.  ECF 37 at 11-12.  However, no sentencing enhancement (*e.g.*, enhancements pursuant to the Armed Career Criminal Act or the Career Offender sentencing guidelines) was applied in this case as a result of any of Petitioner's juvenile cases.  As explained in the Government's response to the First Motion, Petitioner's juvenile adjudications were properly counted in his criminal history calculation in accordance with applicable sentencing guidelines, and there was no error in the criminal history calculation.  *See*

ECF 57 at 14-15.  That explanation and argument is incorporated herein by reference.  Petitioner's former counsel could not have been ineffective for failing to challenge sentencing enhancements that were not improperly applied.

Finally, Petitioner argues that his former counsel was ineffective for "fail[ing] to advise the Court that [he] has a mental disability."  As this Court recognized in its January 12, 2018, Memorandum, Petitioner's former counsel "did have a thorough evaluation prepared which was provided to the court in connection with sentencing."  ECF 70 at 1; *see also* ECF 57 at 13-14 (summarizing defense sentencing presentation).

For the foregoing reasons, the Court should deny Ground Four of the Second Motion.

5. <u>Ground Five</u>

In Ground Five of the Second Motion, Petitioner asserts that "[t]he Court improperly enhanced [his] guidelines and sentence based on juvenile convictions and others [*sic*] non-conviction crimes he was charged with, that do not qualify to enhance his guidelines nor his sentence."  ECF 85 at 10.  As explained above and in the Government's response to the First Motion, Petitioner's juvenile adjudications were properly counted in his criminal history calculation in accordance with applicable sentencing guidelines, and there was no error in the criminal history calculation.  *See* ECF 57 at 14-15.  Although Paragraphs 69 through 86 of the PSR list numerous contacts Petitioner had with the criminal justice system that did not result in conviction (ECF 37 at 12-15), none of those prior contacts contributed to the criminal history or guidelines computation, and none were noted by Judge Motz in imposing sentence.  For these reasons, the Court should deny Ground Five of the Second Motion.

6. <u>Ground Six</u>

In Ground Six of the Second Motion, Petitioner asserts that the plea colloquy in this case violated Fed. R. Crim. P. 11 due to alleged "errors" committed by Judge Motz that "confused [Petitioner] as to which crimes he was pleading guilty to." ECF 85 at 11. Petitioner states further that his offense level computation at sentencing was "based on crimes he did not plea [*sic*] guilty to, such as: attempted murder, attempted arson, obstruction of justice, etc." *Id.* There is no merit to these contentions.

As noted above, Petitioner knowingly, voluntarily, and competently entered guilty pleas to, and was ultimately convicted of, making a destructive device, in violation of 26 U.S.C. § 5861(f) (Count One); and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). However, a defendant's sentencing guidelines range is determined based not only upon the offenses of conviction but also any relevant conduct and any additional offenses established by a factual stipulation contained within a plea agreement. U.S.S.G. §1B1.2. Petitioner's commission of separate offenses and relevant conduct stipulated in the statement of facts in addition to the offenses of conviction were properly accounted for in the computation of his sentencing guidelines range. *See* ECF 37 at 8-10. These additional offenses included attempted murder, attempted arson, and obstruction of law enforcement officers during a civil disorder. Therefore, the Court should deny Ground Six of the Second Motion.

7. <u>Ground Seven</u>

In Ground Seven of the Second Motion, Petitioner asserts that his former counsel rendered ineffective assistance in failing to raise Grounds One through Six at the district court and on direct appeal in violation of the Sixth Amendment. ECF 85 at 12. As explained above, Grounds One

through Six do not present any viable grounds for relief either from Petitioner's convictions or his sentence. Even if any of Petitioner's claims were nonfrivolous, a criminal defendant does not have a constitutional right to determine what nonfrivolous issues appointed counsel presses on appeal. "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "A lawyer's performance is entitled to a strong presumption of reasonableness[,]" and an appellate lawyer's professional judgment regarding "which issues were most likely to afford relief on appeal" is no exception. *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (citations omitted). Ground Seven should be denied.

## V.    **CONCLUSION**

For the foregoing reasons, the government requests that the Court dismiss the Second Motion for lack of jurisdiction or, in the alternative, deny each ground for relief asserted in the Second Motion.

Respectfully submitted,

Robert K. Hur
United States Attorney

/s/

By: _____

Matthew J. Maddox
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of January, 2020, a copy of the foregoing

Motion to Dismiss and Response in Opposition to the Motion to Vacate, Set Aside or Correct

Sentence Under 18 U.S.C. § 2255 was served electronically through the Clerk of the United States

District Court using CM/ECF, and mailed to the defendant:

     Donta Betts
     #59165-037
     FCC-Thomson-HIgh
     P.O. Box 1001
     Thomson, Illinois 61285


                                /s/
                              MATTHEW J. MADDOX
                              ASSISTANT U.S. ATTORNEY