UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OCT - 6 2020
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, RESPONDENT, | CRIM. CASE NO. CCB-15-0557 |
| VS. | |
| DONTA BETTS, PETITIONER, | CIVIL ACTION NO. CCB-19-2515 |

### SUPPLEMENT TO 28 USC 2255 MOTION

COMES NOW PETITIONER DONTA BETTS, ACTING IN PRO-SE AND RESPECTFULLY FILES THIS SUPPLEMENT TO ADD 5 CLAIMS OF DENIAL OF FUNDAMENTAL CONSTITUTIONAL RIGHTS TO PETITIONER'S 28 USC 2255 MOTION.

### SUPPLEMENTAL GROUND ONE: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

SUPPORTING FACTS: IN THIS CASE THE UNITED STATES EMPLOYED POST-ARREST PHONE CONVERSATIONS TO SUPERCEDE INDICTMENT AND THEREAFTER CHARGE THE PETITIONER WITH AN 18 USC 924(c) CHARGE FOR THE USE OF A FIREARM DURING AND IN RELATION TO DRUG TRAFFICKING. THIS TACTIC BY THE PROSECUTION TO UNLAWFULLY CONVICT PETITIONER BASED ON POST-ARREST ADMISSIONS

By the petitioner violates the corpus delicti doctrine established by the Supreme Court in SMITH v. U.S., U.S. ___ (1954).

Counsel's failure to advise petitioner and/or object to the violation of corpus delicti doctrine in the guilty plea and Rule 11 proceedings constitutes ineffective assistance of counsel. Both trial and appellate counsel. In the meantime, had petitioner been advised of the corpus delicti defense during the negotiation of the guilty plea, he would not have plead guilty and would have proceeded to trial.

This supplemental ground relates back to Ground 1, 3, 6, and 7 of the initial 2255 motion for purposes of Rule 15(c), Fed. R. Civ. P.

Petitioner was duped into pleading guilty in violation of the 5th, 6th, and 13th Amendments to the U.S. Constitution, abuse of process.

Supplemental Ground Two: Denial of Effective Assistance of Counsel

Supporting Facts: Similarly, in this case the United States charged petitioner for 924(c) without certifying the corresponding predicate act of drug trafficking, 21 USC 841. This tactic by the government of charging the petitioner of 924(c) without corpus delicti of drug offense also violates the corpus delicti

SUPPLEMENTAL GROUND THREE: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

SUPPORTING FACTS: IN THIS CASE THE UNITED STATES CHARGED PETITIONER FOR ALLEGEDLY MAKING AN ENCENDARY DEVICE IN VIOLATION OF 28O1(F). PETITIONER WAS NOT ADVISED BY HIS COUNSEL THAT AFTER THE SUPREME COURT DECISIONS OF LOPEZ, JONES, AND MORRISON, THE MAKING OF AN ENCENDARY DEVICE

DOCTRINE AND THE DUE PROCESS REQUIREMENTS OF 18 USC 924(e) AND BURDEN OF PROOF, AND INDICTMENT NOTICE. COUNSEL'S FAILURE TO ADVISE PETITIONER AND/OR OBJECT TO THE VIOLATION OF CORPUS DELICTI DOCTRINE AND 18 USC 924(c) CHARGING AND BURDEN OF PROOF REQUIRE- MENTS IN THE GUILTY PLEA AND RULE 11 PROCEEDINGS CONSTITUTED INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNSEL. IN THE ALTERNATIVE, HAD PETITIONER BEEN ADVISED OF THE CORPUS DELICTI DE- FENSE AND 924(c) REQUIREMENTS AND BURDEN OF PROOF DURING THE NEGOTIATION OF THE GUILTY PLEA, HE WOULD NOT HAVE PLEAD GUILTY AND WOULD HAVE PROCEEDED TO TRIAL. THIS SUPPLEMENTAL GROUND RELATES BACK TO GROUNDS 1, 3, 6, AND 7 OF THE INITIAL 2255 MOTION FOR PUR- POSES OF RULE 15(c), FED. R. CIV. P. PETITIONER WAS DUPED INTO PLEADING GUILTY IN VIOLA- TION OF THE 5th, 6th, AND 13th AMENDMENTS TO THE U.S. CONSTITUTION, ABUSE OF PROCESS.

HAS NO AFFECT ON COMMERCE FOR FEDERAL JURISDICTION PURPOSES. SEE BALLINGER V. U.S., ___ F.3d ___ (7th Cir ___).

HAD PETITIONER BEEN ADVISED OF THIS JURISDICTIONAL DEFENSE AVAILABLE HE WOULD NOT HAVE PLEAD GUILTY.

PETITIONER WAS DUPED INTO PLEADING GUILTY IN VIOLATION OF THE 5th, 6th, AND 13th AMENDMENT TO THE U.S. CONSTITUTION, ABUSE OF PROCESS.

SUPPLEMENTAL GROUND FOUR: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

SUPPORTING FACTS: IN THIS CASE THE UNITED STATES CHARGED PETITIONER FOR ARSON UNDER 18 USC 844(i). HOWEVER, THERE IS NO PROOF OF FEDERAL NEXUS.

PETITIONER WAS NOT ADVISED BY HIS COUNSEL THAT THE ARSON OF STATE PROPERTY DOES NOT CONSTITUTE A FEDERAL OFFENSE. SEE MUNHOLLAND V. U.S., ___ F.2d ___ (10th Cir ___).

HAD PETITIONER BEEN ADVISED OF THIS JURISDICTIONAL DEFENSE AVAILABLE HE WOULD NOT HAVE PLEAD GUILTY.

PETITIONER WAS DUPED INTO PLEADING GUILTY IN VIOLATION OF THE 5th, 6th, AND 13th AMENDMENT TO THE U.S. CONSTITUTION, ABUSE OF PROCESS.

SUPPLEMENTAL GROUND FIVE: DENIAL OF EFFECTIVE
ASSISTANCE OF COUNSEL

SUPPORTING FACTS: IN THIS CASE THE UNITED STATES
IMPERMISSIBLY JOINED COUNTS ONE AND COUNT TWO.
PETITIONER WAS NOT ADVISED BY HIS COUNSEL
THAT THE JOINDER OF COUNTS ONE AND COUNT TWO
WAS AN IMPROPER JOINDER OF OFFENSES BECAUSE
THEY ARE NOT RELATED AND OFFENSES OCCURRED ON
SEPARATE DATES.
HAD PETITIONER BEEN ADVISED OF THE IMPROPER
JOINDER OFFENSE AVAILABLE HE WOULD NOT HAVE PLEAD
GUILTY.
PETITIONER WAS DUPED INTO PLEADING GUILTY IN
VIOLATION OF THE 5th, 6th, AND 13th AMENDMENT TO
THE U.S. CONSTITUTION, "ABUSE OF PROCESS".

TIMELINESS OF CLAIMS

THE 13th AMENDMENT PRECLUDES AND APPLICA-
TION OF TIME BAR. SEE U.S. v. MOLFAW, 222 F.2d
673 (2nd CIR. 1955) U.S. EX REL CAMINITO v. MURPHY,
222 F.2d 698 (2nd CIR. 1955) (LACK OF EVIDENCE
OF GUILT), VIOLATION OF 13th AMENDMENT.

-5-

### REQUEST FOR AN EVIDENTIARY HEARING

Movant is requesting an evidentiary hearing because if movant's claims taken as true he is entitled to relief.

### REQUEST FOR APPOINTMENT OF COUNSEL

In light of the 13th Amendment concerns alleged, the petitioner requests the appointment of counsel to even the playing field in this litigation.

### CONCLUSION

Wherefore, this court should appoint counsel and conduct an evidentiary hearing and thereafter grant petitioner's 28 USC 2255 motion.

Dated on this 28th day of September, 2020.

Respectfully submitted
By _____

Donta Betts
# 59165-037
AUSP Thomson
P.O. Box 1001
Thomson, Illinois 61285

6.

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY THAT ON THIS 28th DAY OF SEPTEMBER, 2020, A TRUE AND CORRECT COPY OF THE FOREGOING WAS MAILED TO AUSA MATHEW J. MADDOX AT THE U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF MARYLAND.

BY
DONTA BETTS

7.